UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**CANDIE WHITEHURST**, individually and on behalf of herself and others similiarly situated,

    Plaintiff,

v.

**G & A RESTAURANT MANAGEMENT, INC.**
d/b/a **GYARMATHY & ASSOCIATES,**
A Florida Profit Corporation;
**JAMES GYARMATHY**, individually; and
**RON PHILLIPS**, individually,

    Defendants.
_____/

CASE NO.:

**JURY DEMAND**

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Candie Whitehurst, on behalf of herself and all other employees and former employees similarly situated, by and through her undersigned counsel, files this Collective Action Complaint against Defendants, G & A Restaurant Management, Inc. dba Gyarmathy & Associates ("G&A"), James Gyarmathy ("Gyarmathy"), and Ron Phillips ("Phillips") (G&A, Gyarmathy, and Phillips collectively referred to as "Defendants") and states:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§ 216(b).

**PARTIES and FLSA COVERAGE**

3. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

4. At all times material hereto, G&A was, and continues to be a Florida Profit Corporation, engaged in business in Florida, with a principle place of business in North Fort Myers, Florida.

5. At all times material hereto, Gyarmathy was engaged in business in the State of Florida.

6. At all times material hereto, Gyarmathy was, and continues to be, an individual resident of the State of Florida.

7. At all times material hereto, Gyarmathy owned and operated G&A.

8. At all times relevant to this action, Gyarmathy managed and operated G&A on a day to day basis.

9. At all times material hereto, Gyarmathy regularly exercised the authority to hire and fire employees of G&A.

10. At all times material hereto, Gyarmathy determined the work schedules for the employees of G&A

11. At all times material hereto, Gyarmathy controlled the finances and operations of G&A.

12. At all times material hereto, Phillips was engaged in business in the State of Florida.

13. At all times material hereto, Phillips was, and continues to be, an individual resident of the State of Florida.

14. At all times material hereto, Phillips exercised significant operational control over G&A.

15. At all times relevant to this action, Phillips managed and operated G&A on a day to day basis.

16. At all times material hereto, Phillips regularly exercised the authority to hire and fire employees of G&A.

17. At all times material hereto, Phillips determined the work schedules for the employees of G&A

18. At all times material hereto, Phillips controlled the finances and operations of G&A.

19. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA. Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

20. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

21. Defendants were, and continue to be, "employer(s)" within the meaning of the FLSA.

22. At all times material hereto, G&A was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

23. At all times material hereto, G&A was, and continues to be, an enterprise engaged in the "production of goods and services," in that its employees provide goods and services

within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of G&A is and was in excess of $500,000.00 per annum for all relevant time periods.

25. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of her usage of items that travelled in interstate commerce in the exercise of her regular duties as an employee of Defendants.

26. At all times material hereto, Plaintiff was subject to the individual coverage of the FLSA by virtue of the fact that she regularly processed credit card transactions, accepted shipments from out of state, and ordered inventory as part of her duties as an employee for Defendants.

27. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

28. Based on information and belief, G&A owns and operates thirteen (13) KFC franchises in Florida.

29. Based on information and belief, G&A owns and operates KFC franchises located at the following addresses:

   a. 13160 Highway 41 North, North Fort Myers, Florida 33903;

   b. 4336 Palm Beach Boulevard, Fort Myers, Florida 33905;

   c. 2210 South Del Prado Boulevard, Cape Coral, Florida 33990;

   d. 12250 South Cleveland Avenue, Fort Myers, Florida 33907;

   e. 20 Hancock Bridge Parkway, Cape Coral, Florida 33991;

   f. 4635 Tamiami Trail, Port Charlotte, Florida 33980;

      g.      50 North Lee Street, La Belle, Florida 33935;

      h.      12225 Collier Boulveard, Naples, Florida 34116; and

      i.      28200 South Tamiami Trail, Bonita Springs, Florida 34134.

30.    All of G&A's locations are owned and operated by Gyarmathy.

31.    Additionally, Phillips manages and exercises significant control over all KFC Franchises owned by G&A.

32.    Defendants implement and enforce the same policies and procedures in all of the G&A KFC locations.

33.    Defendants hired Plaintiff to work as a "crew member" in approximately November 2015.

34.    Plaintiff was hired to work at Defendants' 20 Hancock Bridge Parkway, Cape Coral, Florida 33991 location.

35.    However, throughout the duration of her employment, Phillips constantly transferred Plaintiff between three of Defendants' locations.

36.    Specifically, Plaintiff was transferred between Defendants' 20 Hancock Bridge Parkway, Cape Coral, Florida 33991 location, the 13160 Highway 41 North, North Fort Myers, Florida 33903, and the 2210 South Del Prado Boulevard, Cape Coral, Florida 33990 location.

37.    Defendants' employees regularly work in multiple locations for Defendant.

38.    In approximately August of 2016, Phillips promoted Plaintiff to an assistant manager position.

39.    Plaintiff's primary duties as an assistant manager were handling customer complaints, employee relations, ordering and monitoring inventory, and handling the money in the store.

40. Plaintiff was employed as a non-exempt assistant manager until approximately June 2019.

41. When plaintiff was promoted to assistant manager, she was paid on an hourly basis.

42. However, in April 2018 Defendants changed the way that Plaintiff was paid.

43. A copy of Defendants' payment policy is attached hereto as **Exhibit B**.

44. Plaintiff worked in excess of forty (40) hours in various work weeks after Defendants instituted their new payment policy.

45. However, Plaintiff was not properly compensated for all her overtime hours worked during the relevant time period.

46. Instead, Defendants systematically paid, and continue to pay, Plaintiff and other similarly-situated employees substantially less wages than what are actually owned to them.

47. These unpaid wages stem from the Defendants' practices of compensating their employees by purportedly utilizing a fluctuating workweek method of pay with an incentive bonus directly tied to their hours worked. *See* **Exhibit B**.

48. Although Defendants referred to their payment scheme a fluctuating workweek, Plaintiff was not paid a fixed salary regardless of her hours worked each week. *See id*.

49. Specifically, Defendants paid Plaintiff $450.00 for the first 40 hours that she worked each week, plus an additional amount for the hours that she worked over 40 each week. *See id*.

50. For example, if Plaintiff worked 41-50 hours, Defendants would compensate her an additional $6.17 for the hours that she worked over 40. *See id*.

51. Therefore, for illustrative purposes, if Plaintiff worked 50 hours in a single work

week—or 10 hours of overtime—Defendants would compensate her an additional $61.70 and add that to her $450.00 "fixed salary." *See id.*

52. Defendants would then divide the sum by the total number of hours Plaintiff worked that week in order to calculate her regular rate. *See id.*

53. Then, Defendants compensated Plaintiff only half of the regular rate as calculated. *See id.*

54. Defendants did not compensate Plaintiff, and those similarly situated at a fixed salary for all hours that they worked each week.

55. Therefore, Defendants did not pay Plaintiff on a fluctuating work week basis.

56. As a result, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a given workweek.

57. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

58. Defendants have violated Title 29 U.S.C. § 207 in that:

   a. Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks for Defendants during the relevant time period; and

   b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendants and as provided by the FLSA;

## **COLLECTIVE ACTION ALLEGATIONS**

59. Plaintiff and the class members are/were all non-exempt employees subjected to Defendants' pay scheme whereby it purportedly paid them pursuant to the fluctuating work week method, but where the salary was not fixed each week regardless of the number of hours that they worked.

60. Defendants failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

61. The additional persons who may become Plaintiffs in this action are/were non-exempt "salaried" employees of the Defendants who were subject to the payment policy attached hereto as **Exhibit B**, which resulted in workweeks where they worked in excess of forty (40) hours, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

62. This policy or practice was applicable to Plaintiff and the class members.

63. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

64. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All non-exempt employees who worked for Defendants within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

65. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*,

(c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

66. During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

67. Defendants' failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

68. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

69. Plaintiff realleges and reincorporates paragraphs 1 through 68 as if fully set forth herein.

70. Plaintiff worked in excess of forty (40) hours per week.

71. Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

72. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

73. At all times material hereto, Defendants failed, and continued to fail, to maintain

proper time records as mandated by the FLSA.

74. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiff.

75. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

76. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

77. At all times material hereto, Defendant s failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

78. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one half their regular rate of pay for such hours.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendants;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

d. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to § 216(b), to those similarly situated to Plaintiff;

e. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions; Defendants have a legal duty to pay Plaintiff overtime wage pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 31st day of January, 2020.            Respectfully Submitted,

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Angeli Murthy
Florida Bar No. 88758
Morgan & Morgan, P.A.
8151 Peters Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268 F: (954) 327-3039
Email: cventura@forthepeople.com
Email: amurthy@forthepeople.com

***Attorney for Plaintiff***