UNITED STATES DISTRICT COURT
For the
Middle District of Florida

CANDIE WHITEHURST, individually and on
Behalf of herself and others similarly situated,

    Plaintiff(s)

                                    Case No. 2:20-cv-67-FtM-60MRM

v.

G & A RESTAURANT MANAGEMENT, INC.
d/b/a GYARMATHY & ASSOCIATES, A Florida
Profit Corporation; JAMES GYARMATHY,
individually; and RON PHILLIPS, individually

    Defendant(s)
_____/

## DEFENDANTS, JAMES GYARMATHY AND RON PHILLIPS MOTION TO DISMISS PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COME NOW, Defendants, JAMES GYARMATHY AND RON PHILLIPS ("Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss the Complaint against the Defendants and in support thereof states as follows:

## FACTUAL BACKGROUND

1.    On or about January 31, 2020, Plaintiff, Candie Whitehurst, filed the subject lawsuit, naming G&A Restaurant Management, Inc. d/b/a Gyarmathy & Associates ("G&A"), James Gyarmathy ("Gyarmathy") individually and Ron Phillips ("Phillips") individually (collectively, "Defendants").

Cole, Scott & Kissane
www.csklegal.com

Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

2.      The Complaint brings a single cause of action for alleged violations of the Fair Labor Standards Act ("FLSA") for overtime compensation against all three named Defendants.

3.      The Complaint does not contain sufficient factual allegations to hold Gyarmathy and Phillips individually liable as employers under the FLSA. The Complaint merely alleges bare bones conclusory statements that an employee-employer relationship existed between the Plaintiff and Gyarmathy and/or the Plaintiff and Phillips, which is required for the Plaintiff to pursue a claim for individual liability under the FLSA.

4.      Therefore, the Plaintiff has failed to state a claim upon which relief can be granted and the Complaint should be dismissed as to Gyarmathy and Phillips.

## MEMORANDUM OF LAW

### A. LEGAL STANDARD

In deciding a motion to dismiss, the Court assumes that all of the allegations in  the complaint are true, and construes all of the facts in favor of the plaintiff. *Scott v. Taylor*, 405 F.3d  1251, 1253 (11th Cir. 2005). That said, a complaint must provide more than "labels and  conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to  dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A complaint must state a  plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual  content that allows the court to draw the reasonable inference that the defendant is liable for the  misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"A motion to dismiss for failure to state a claim [generally] tests the sufficiency of the  complaint." *Hazel v. Schl. Bd. of Dade County*, 7 F. Supp. 2d 1349 (S.D. Fla. 1998).

A motion to dismiss for failure to state a claim will be granted when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hazel*, 7 F. Supp. 2d at 1352 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Mallo v. Public Health Trust of Dade Cty*, 88 F. Supp. 2d 1376 (S.D. Fla. 2000). It is of great importance that a complaint alleges facts properly setting forth the essential elements of a cause of action. *Hazel*, 734 F. Supp. 2d at 1352.

In order to defeat a motion to dismiss, a plaintiff must do more than merely label its claim. *Medalie v. FSC Sec. Corp.,* 87 F.Supp.2d 1295, 1298 (S.D.Fla. 2000). Dismissal of a complaint is appropriate based on a dispositive issue of law or when there is no necessity to construe factual allegations contained within the complaint. *Marshall Cty Bd. of Ed. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171 (11th Cir. 1993). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal of a complaint is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

As illustrated by the governing case law, individual liability under the FLSA is only available under extremely limited circumstances, none of which the Plaintiff has sufficiently alleged to exist in his Complaint. *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir. 1986); *Donovan v. Doyon Drywall, Inc.,* 1982 WL 2186 (M.D. Fla. 1982). The mere fact that Defendant Gyarmathy is the owner of G&A is not sufficient to give rise to personal liability under the FLSA. *See Id.* Rather, the Plaintiff must establish that Defendant Gyarmathy was either involved in the day-to-day operations of G&A or had some direct responsibility for the supervision of the Plaintiff and that Defendant Gyarmathy was responsible in whole or part for the alleged FLSA violations. *See Id.*; *Hill*

*v. Walker*, 737 F. 3d 1209, 1216 (8th Cir. 2013); *Pinkard v. Shockley v. Stericycle, Inc.*, 2013 WL  5325632 (N.D. Ill. Sept. 19, 2013); *Rudy v. Consolidated Rest. Co.*, 2010 WL 3565418 (N.D. Tex.  Aug 18, 2010) (stating that the ultimate question is whether the individual had 'supervisory authority over the complaining employee' and is 'responsible in whole or part for the alleged  violation'"). The same applies for Phillips. The Plaintiff's Complaint fails to present adequate factual  allegations to establish individual liability under the FLSA based on these legal standards, thus,  Plaintiff's claims against Defendants Gyarmathy and Phillips must be dismissed.

**B.      Plaintiff's FLSA Claim Against Defendants Gyarmathy and Phillips Must be Dismissed.**

In the Complaint, the Plaintiff ostensibly alleges that Defendants Gyarmathy and Phillips qualify as an "employer" under the FLSA's broad definition of same in order to impose individual liability for the alleged FLSA violation. Compl. ¶ ¶  5-18, 20-21; see also 29 U.S.C. §203(d). Although under limited circumstances, corporate officers and owners can be considered employers under the FLSA to give rise to a claim for individual liability, the Plaintiff merely states in a conclusory manner certain elements to hold Defendants Gyarmathy and Phillips. In fact, the allegations as to Gyarmathy and Phillips are almost identical – 1) engaged in business in Florida; 2) residents of Florida; 3) managed and operated G&A on a day to day basis; 4) exercised authority to hire and hire; 5) determined work schedules; and 6) controlled finances and operations of G&A. Compl. ¶¶ 5-18. However, these allegations are solely bare bones statements of what is required under the FLSA to impose liability. The allegations are devoid of adequate factual support or detail. Patel, 803 F.2d 632 (finding company's

president/director did not play sufficiently active role in operations to be employer under the FLSA)(also finding that corporate officer not responsible for Plaintiff's contract).

The economic reality test used to determine whether an entity in an employer under the FLSA includes the following elements, whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Santos v. Cuba Tropical, Inc.,* 829 F. Supp. 2d 1304 (S.D. Fla. 2011)(noting that no single factor is dispositive). The *Santos* Court found that the owner did not have direct responsibility for supervision of any employee for purposes of the FLSA and that even though he may have had ultimate authority as owner, that the same remained unexercised. *Id.* In the instant case, the Complaint is fully devoid of facts indicating that Defendants Gyarmathy or Phillips were the individuals that actually hired Plaintiff or any alleged similarly situated employees, actually created each individual employee's schedules, determined each individual employees' wages, and/or specifically that they terminated any such employee. Further, in *Santos,* the authority for employee hiring, schedule setting, wage setting, and termination had been delegated to managers who the owner was unable to identify. *Id.* The *Santos* Court ultimately found that it was insufficient to hold the owner individually liable. *Id.* (status as a corporate officer alone is insufficient to render an individual an 'employer' to hold the officer personally liable for unpaid wages.").

Further, in order to present an actionable prima facie claim for individual liability under the FLSA, the Plaintiff must present sufficient factual allegations to establish that an employment relationship existed between the individual Defendants and the Plaintiff. *See e.g., Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,*

5

176 F.3d 315 (6th Cir. 1999), *cert. den.,*120 S.Ct. 172 (1999), *citing, Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (finding that Rule 12(b)(6) requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory"). Instead, the Plaintiff summarily asserts the elements of imposing individual liability with no facts. There are no allegations, for example, that either of the individual Defendants were physically present on a regular basis so as to supervise the Plaintiff's employment or the employment of any customer service/clerical employee or to run the day-to- day operations. In this regard, the Plaintiff's conclusory allegations do nothing to demonstrate what involvement the individual Defendants had in either the direct supervision of the Plaintiff or in the day-to-day operations of G&A as required to give rise to an inference of liability under the FLSA. The Plaintiff has failed to sufficiently allege that the individual defendants exercised the requisite amount of operational control over the terms and conditions of the Plaintiff's work (or any similarly situated employee's work) and was responsible for the alleged FLSA violations. Accordingly, based on the aforementioned, the Plaintiff's Complaint fails to allege sufficient facts to demonstrate that either Gyarmathy or Phillips served as Plaintiff's (or any other alleged similarly situated employees) employer as defined under the FLSA as necessary in order to impose individual liability thereunder.

**C.   Plaintiff's Complaint Should be Dismissed as Plaintiff has Improperly Comingled Claims Against the Defendants**

Plaintiff has improperly comingled his claim against all three named Defendants. Specifically, there is only one in the Complaint and the Plaintiff repeatedly refers to "Defendants." Plaintiff is attempting to assert one cause of action under the FLSA

as to all three Defendants, which is an improper practice, and Plaintiff should separately assert a claim for relief in a separate count, as required by Rule 10(b). *See e.g., Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996)). Based on the foregoing, the Plaintiff has failed to state a cause of action against the individual Defendants and therefore has not asserted a claim for which relief can be granted; and, thus, the Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendants Gyarmathy and Phillips respectfully request that this Honorable Court enter an Order dismissing Plaintiff, CANDIE WHITEHURST'S Collective Action Complaint for failure to state a cause of action as it relates to the individual Defendants, and take such further action as it deems just and proper.

Respectfully Submitted this 30th day of March, 2020.


By:   s/ Barbara Ballard Woodcock
　　　　 PATRICK M. BOLAND
　　　　 Florida Bar No.:  93896
　　　　 BARBARA BALLARD WOODCOCK
　　　　 Florida Bar No.: 90880


## CERTIFICATION OF SERVICE

I hereby certify that on March 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CME/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
*Counsel for* Defendants, G & A RESTAURANT
MANAGEMENT, INC.
d/b/a GYARMATHY & ASSOCIATES, A Florida
Profit Corporation; JAMES GYARMATHY,
individually; and RON PHILLIPS, individually

Cole, Scott & Kissane Building
27300 Riverview Center Boulevard, Suite 200
Bonita Springs, Florida 34134
Telephone (239) 690-7900
Facsimile (239) 738-7778
Primary e-mail: patrick.boland@csklegal.com
Alternate e-mail:
barbara.woodcock@csklegal.com
Second Alternate e-mail:
noemi.rodas@csklegal.com

By: ___s/ Barbara Ballard Woodcock_____
PATRICK M. BOLAND
Florida Bar No.: 93896
BARBARA BALLARD WOODCOCK
Florida Bar No.: 90880

**SERVICE LIST**

Chanelle Ventura, Esq.
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
cventura@forthepeople.com

8