## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CANDIE WHITEHURST, individually
and on behalf of herself and others
similarly situated

       Plaintiff,

v.                             Case No.:  2:20-cv-67-FtM-60MRM

G & A RESTAURANT
MANAGEMENT, INC., JAMES P.
GYARMATHY and RON
PHILLIPS,

       Defendants.
_____/

## ORDER DENYING "DEFENDANTS, JAMES GYARMATHY AND RON PHILLIPS MOTION TO DISMISS PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW"

This matter is before the Court on Defendants James Gyarmathy and Ron Phillips' (collectively, the "Defendants") "Motion to Dismiss Plaintiff's Collective Action Complaint and Incorporated Memorandum of Law" filed on March 30, 2020.[1] (Doc. 13).  Plaintiff Candie Whitehurst filed a "Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Collective Action Complaint and Incorporated Memorandum of Law" on April 13, 2020.  (Doc. 15).  After reviewing the motion, response, and complaint, the Court finds as follows:

---

[1] Defendant G & A Restaurant Management, Inc. answered the complaint on March 30, 2020.  (Doc. 12).

## Background[2]

Whitehurst filed this collective action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA" or the "Act"). (Doc. 1). In November 2015, Whitehurst began working as a crew member at a Kentucky Fried Chicken ("KFC") franchise owned by Defendant G & A Restaurant Management, Inc. ("G&A"). (*Id.* at ¶ 33). G&A is owned and operated by Gyarmathy, and Phillips manages G&A's KFC franchises in Southwest Florida. (*Id.* at ¶¶ 30-31).

Less than a year after her hire date, Whitehurst was promoted to assistant manager. (*Id.* at ¶ 38). She sometimes worked over forty hours per week. (*Id.* at ¶ 44). In 2018, Defendants issued a new employee payment policy. (*Id.* at ¶¶ 42-43). Under this policy, Plaintiff maintains Defendants did not properly compensate her (or other employees) at one-and-a-half times the regular rate for all hours worked over forty hours in violation of the FLSA. (*Id.* at ¶¶ 45-57).

Defendants now move to dismiss the complaint. They argue (1) the complaint constitutes a shotgun pleading and (2) Whitehurst has failed to state a claim under the Act. For the reasons below, the Court finds the complaint survives the motion to dismiss stage.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."

---

[2] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Fed. R. Civ. P. 8(a).  "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'"  *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *See Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

Defendants move to dismiss the complaint for two reasons.  First, Defendants assert the complaint should be dismissed as a shotgun pleading because it joins all Defendants into one count.  (Doc. 13 at 6-7).  Second, Defendants maintain Whitehurst has failed to allege facts to show they qualify as employers under the FLSA.  (*Id.* at 3-6). The Court addresses each argument below, starting with whether the complaint is a shotgun pleading.

***Shotgun Pleading***

Defendants first argue the complaint is a shotgun pleading because it improperly asserts one cause of action against all three Defendants. (*Id.* at 6-7). Defendants contend this is an impermissible pleading practice and Whitehurst should have to separately assert her overtime wages claim against each Defendant. (*Id.*). Whitehurst responds Defendants' argument lacks merit because nothing in the pleading rules prohibits lodging the same claim against multiple Defendants if they are all alleged to have participated in the same acts rising to the claim. (Doc. 15 at 13-14). The Court agrees with Whitehurst.

Complaints that violate pleading rules under "either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citing Fed. R. Civ. P. 8(a)(2) and (10)(b)). A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

While the Eleventh Circuit has identified four types of shotgun pleadings, only one of which is at issue here. *See Weiland*, 792 F.3d at 1322-23. Specifically, Defendants argue Plaintiff's complaint is the fourth type of shotgun pleading identified in *Weiland*, 792 F.3d at 1323 (stating the fourth impermissible shotgun pleading is one "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or

which of the defendants the claim is brought against."). However, "[t]he Court does not read *Weiland* to prohibit all instances where a count lodges a claim against multiple defendants, but rather only where such a claim fails to provide Defendants with adequate notice of the claims against them." *Continental 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1140 (M.D. Fla. 2018) (citing *Weiland*, 792 F.3d at 1323).

Notably, Defendants neither assert that they lack adequate notice of the claims against them, nor that they cannot respond to the complaint. Defendants merely claim Plaintiff's style of pleading is improper. The Court rejects Defendants' argument. Plaintiff's collective allegations do not make the complaint deficient because "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000); *see Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually."). In this case, it is possible each Defendant could have engaged in all the acts Plaintiff alleges to have violated the FLSA. Under these circumstances, the Court is not persuaded Defendants cannot determine the allegations against them, especially considering G&A has already filed an answer to the complaint. Because the complaint is sufficiently clear to allow Defendants to prepare a response, it is not a shotgun pleading.

*Failure to State a Claim under the FLSA*

Defendants next argue Whitehurst has failed to state a claim for unpaid overtime wages because they do not constitute employers under the Act. (Doc. 13 at 3-6). While Defendants concede there is individual liability under the FLSA, they contend Whitehurst's allegations are merely conclusory and thus insufficient to state a claim for relief. (*Id.* at 4). The Court disagrees with Defendants.

To state a claim for unpaid overtime wages, a plaintiff must show (1) an employment relationship; (2) the employer engaged in interstate commerce; and (3) the employee worked over forty hours per week but was not paid overtime wage. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Here, Defendants only contest the first element.

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Whether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Otero v. Medicomp, Inc.*, No. 6:13-cv-599-Orl-28GJK, 2013 WL 5854729, at *1 (M.D. Fla. Oct. 30, 2013) (quoting *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973)).

To determine whether an individual is an employer under the FLSA, courts evaluate the "economic reality of the relationship between the parties." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011) (quoting *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). Courts consider "whether the

alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal,* 113 F.3d at 205. While there is no requirement that an individual must be a corporate officer to be an "employer" under the FLSA, *see Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1309–10 (11th Cir. 2013), to be individually liable, an officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo,* 803 F.2d 632, 638 (11th Cir. 1986).

Here, Whitehurst alleges Defendants are her employer under the FLSA. (Doc. 1 at ¶ 20). To support this contention, Whitehurst alleges that Gyarmathy and Phillips: (1) managed and operated G&A day-to-day; (2) regularly exercised the authority to hire and fire G&A employees; (3) determined work schedules for G&A employees; and (4) controlled the finances and operations of G&A. (*Id.* at ¶¶ 8-11, 14-18). From Plaintiff's allegations, it is plausible that Defendants are her employers as defined by the FLSA. While Defendants may ultimately prevail at establishing otherwise, at this point, the Court must accept Whitehurst's allegations as true. Considering the above, the Court finds the complaint survives Defendants' motion to dismiss.

Accordingly, it is now

**ORDERED, ADJUGED,** and **DECREED:**

1. Defendants James Gyarmathy and Ron Phillips "Motion to Dismiss Plaintiff's Collective Action Complaint and Incorporated Memorandum of Law" (Doc. 13) is **hereby DENIED**.

2. Defendants James Gyarmathy and Ron Phillips are directed to file an answer **on or before May 14, 2020**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 29th day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record