UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CANDIE WHITEHURST, individually and on
Behalf of herself and others similarly situated,

    Plaintiff(s)

                                              Case No. 2:20-cv-67-FtM-60MRM

v.

G & A RESTAURANT MANAGEMENT, INC.
d/b/a GYARMATHY & ASSOCIATES, A Florida
Profit Corporation; JAMES GYARMATHY,
individually; and RON PHILLIPS, individually

    Defendant(s)
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
STIPULATION FOR DISMISSSAL WITH PREJUDICE**

Plaintiff, CANDIE WHITEHURST ("Whitehurst"), Opt-in Plaintiff VIVIAN CARD ("Card"), and JOSEPH JOYNER ("Joyner") ( Whitehurst, Card and Joyner are hereinafter collectively referred to as "Plaintiffs") and Defendants, G & A RESTAURANT MANAGEMENT, INC. d/b/a GYARMATHY & ASSOCIATES, JAMES GYARMATHY, and RON PHILLIPS ("Defendants") (Plaintiffs and Defendants collectively, the "Parties"), by and through their undersigned counsel, hereby move for approval of the Parties' Settlement Agreement and dismissal of Plaintiffs' claims with prejudice, stating as follows:

1. Whitehurst filed her complaint on January 31, 2020 seeking payment for overtime compensation due to alleged violations of the Fair Labor Standards Act

**Cole, Scott & Kissane**
www.csklegal.com

Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

("FLSA"). Specifically, Whitehurst alleged that Defendants' violated the FLSA by utilizing a purported "Fluctuating Workeek" method of pay with an incentive bonus tied directly to Plaintiff's hours worked—thus invalidating Defendants ability to utilize a fluctuating work week method of pay. *See* [D.E. 1].

2. Card filed her Consent to Join Collective Action and be Represented by Morgan & Morgan on January 31, 2020. *See* [D.E. 3].

3. Joyner filed his Consent to Join Collective Action and be Represented by Morgan & Morgan on September 20, 2020. *See* [D.E. 35].

4. A bona fide dispute existed between the parties, as the Plaintiffs claimed an entitlement to unpaid overtime wages and Defendants maintained that the Plaintiffs were paid all monies owed to them pursuant to a Fluctuating Work Week Contract. An example of the Fluctuating Work Week Contract can be found at docket entry 1-6.

5. Specifically, Defendants alleged that their payment policy was legal, especially in light of 29 C.F.R. § 778.114(a)(5) which states "[p]ayment of any bonuses, premium payments, commissions, hazard pay, and additional pay of any find is compatible with the fluctuating workweek method of overtime payment.

6. Following the exchange of pay and time records pursuant the Court's FLSA Scheduling Order [D.E. 14] and informal exchange of documentation between the Parties, the parties participated in settlement negotiations, which have resulted in an agreement, a copy of which is attached hereto as **EXHIBIT A**.

7. Under the Agreement, Defendants will pay:

a) ELEVEN THOUSAND SEVEN and 00/100 U.S. DOLLARS ($11,007.00) to Candie Whitehurst, $10,907.00 in consideration of her underlying claims for alleged unpaid wages as part of dismissal of all claims and $100.00 as independent consideration of a general release and confidentiality. The release is important to ensure that there will not be future litigation on events arising prior to approval.

b) EIGHT THOUSAND EIGHT HUNDRED SEVENTY and 00/100 U.S. DOLLARS ($8,870.00) to Joseph Joyner, $8,770 in consideration of her underlying claims for alleged unpaid wages as part of dismissal of all claims and $100 as independent consideration of a general release and confidentiality. The release is important to ensure that there will not be future litigation on events arising prior to approval.

c) FIVE HUNDRED FORTY-EIGHT and 00/100 U.S. DOLLARS ($548.00) to Vivian Card, $448 in consideration of her underlying claims for alleged unpaid wages as part of dismissal of all claims and $100 as independent consideration of a general release and confidentiality. The release is important to ensure that there will not be future litigation on events arising prior to approval.

8. Plaintiffs have confirmed that these amounts provide nearly all possible relief for claims for unpaid overtime wages under the FLSA, based on documented work hours. The difference between the amount of damages in Responses to Court Interrogatories and the amount of damages in the Settlement Agreement is further explained below.

9. Given the uncertainties of litigation, and the chance that Plaintiffs may recover nothing if Defendants succeed in their defense, Plaintiffs and Defendants jointly submit that the settlement reached herein is fair and reasonable.

10. In addition to the payment outlined in Paragraph 6 above, Defendants will pay to Plaintiffs' counsel the amount of SEVEN THOUSAND SEVENTY and 00/100 U.S. DOLLARS ($7,070.00) for attorneys' fees and costs. Undersigned counsel aver that the amount of attorneys' fees was negotiated apart and separate from, the agreement on the amount of settlement funds to be paid to the Plaintiffs. Plaintiffs and Defendants jointly submit that the settlement reached herein is fair and reasonable.

11. Plaintiffs' counsel certifies that she has spent at least 24.10 hours[1] litigating this case at a rate of $275.00 per hour and has incurred $627.00 in costs.

12. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

13. In support of this Motion, the parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendants to resolve Plaintiffs' claim for fees under the FLSA are fair and reasonable and were negotiated separately and apart from the amounts for Plaintiffs' underlying claims;

---

[1] The hours that Plaintiffs' counsel spent reviewing the Settlement Agreement and drafting and reviewing this Motion to Approve are not included in the 24.10 hours listed above.

and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## MEMORANDUM OF LAW

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount

of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the parties jointly submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendants to evaluate the parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiffs' claims as set forth in their Agreement. After exchanging information and records, engaging in settlement negotiations, and in order to avoid the uncertainties of and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiffs receiving substantial recovery in comparison to their allegations. In this regard, Candie Whitehurst alleged that she was entitled to $11,006.75 in unpaid overtime wages. *See* D.E. 19. Vivian Card alleged that she was entitled to $547.64 in unpaid overtime wages. *See* D.E. 20. Joseph Joyner alleged that he was entitled to $8,870.50 in unpaid overtime wages. Under the terms of the settlement, each of the Plaintiffs will be receiving more than 80% of their alleged overtime wages.

Here, Plaintiffs' negotiated settlement terms are satisfactory to the Parties. Plaintiffs' counsel, who is experienced in wage and hour matters, views the agreed-

upon terms as an excellent outcome for the Parties given the bona fide disputes that exist in this case and the recent change in the Department of Labor's Rule regarding the fluctuating work week. Specifically, effective August 7, 2020, the Fluctuating Workweek/"Bonus Rule" Final Rule clarified that employers can pay bonuses or other incentive-based pay, such as commissions or hazard pay, above and beyond workers' fixed salaries when they are paid using the fluctuating workweek method. *See* 29 CFR 778.114(a)(5); https://www.dol.gov/agencies/whd/overtime/fww. Therefore, it could be years before this matter is ready for a trial, and this Court ultimately could determine that Plaintiffs are not entitled to any recovery based on the Final Rule. There has been no fraud or collusion in the settlement of this case, and settlement will prevent expensive, protracted, and uncertain litigation.

Ultimately, after assessing their respective positions, the Parties decided that it is in their respective best interests to resolve this matter, before further discovery and Motion practice by the Parties, through settlement rather than to proceed through protracted and costly litigation. As more set forth above, based on the Department of Labor's "Bonus Rule" Final Rule, Plaintiffs may not be able to recover their damages even after protracted expensive litigation and the Parties genuinely dispute entitlement to liquidated damages based on the "Bonus Rule." Courts within this district have held compromised FLSA settlements without liquidated damages are reasonable when the parties genuinely dispute entitlement to liquidated damages. *Maxwell v. Fla. Psychological Assocs., LLC*, 2019 WL 1092740, at *4 (M.D. Fla. Feb. 15, 2019), *report and recommendation adopted,* 2019 WL 2229893 (M.D. Fla. Mar. 19,

2019) ("Because the parties genuinely dispute Maxwell's entitlement to liquidated damages, the defendants' failure to pay liquidated damages does not render the settlement unreasonable.").

Accordingly, in light of Defendants' agreement to pay Plaintiffs the sums set forth above for their alleged unpaid overtime wages, along with the additional independent consideration for the general release and confidentiality provisions[2] the parties stipulate that their Agreement is fair and reasonable, and the attorneys' fees and costs are not a percentage of Plaintiffs' recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorneys' fees and costs being paid by Defendants on Plaintiffs' behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.,* 775 F. 2d 1541, 1542 (11th Cir. 1985).

---

[2] While the parties are aware that the Court is sometimes hesitant to approve general releases and confidentiality provisions in FLSA settlement agreements, here separate consideration has been provided to Plaintiffs, and these terms are important to all Parties. *See Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 U.S. Dist. LEXIS 123285, at *7 (M.D. Fla. July 15, 2014); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-CV-386-ORL-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013); *Irizarry v. Percepta, LLC*, Case No. 6:12–cv–1141–37KRS, Doc. No. 43 (M.D. Fla. June 20, 2013), *report and recommendation* adopted at Doc. No. 44 (M.D.Fla. July 10, 2013) (approving a settlement agreement where employee received separate monetary compensation in exchange for agreeing to a general release and other concessions); *Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11–cv–1683–Orl–28KRS, 2012 WL 6803586 (M.D.Fla. Dec.19, 2012), *report and recommendation adopted,* 2013 WL 85066 (M.D.Fla. Jan.8, 2013) (approving a settlement agreement where employee signed a general release in exchange for a mutual release from employer); Bright, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2–3 (M.D.Fla. May 31, 2012), *report and recommendation adopted*, 2012 WL 2191492 (M.D.Fla. Jun.14, 2012) (approving settlement where general release by employee was exchanged for a mutual release by employer); *Rappaport v. Embarq Mgmt. Co.*, No. 6:07–cv–468–Orl–19DAB, 2008 WL 4642593, at *2 (M.D.Fla. Oct.17, 2008) (approving settlement agreement where employee received separate monetary compensation in consideration for signing a general release).

Plaintiffs' attorneys' fees and costs were claimed by Plaintiffs and their counsel separate and apart from the amounts sought by Plaintiffs for their underlying claims, and were negotiated independently. As Judge Presnell explained in <u>Bonetti v. Embarq Management Co.,</u> 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a

> plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The compromise agreed upon by the parties resolves all of Plaintiffs' claims for attorneys' fees and Plaintiffs have no responsibility to their counsel for any out of pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiffs were represented by competent counsel with experience in labor and employment law and Defendants also have been represented by experienced counsel. The parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

The Plaintiffs and Defendants are not aware of any other potential opt-in Plaintiffs and the Plaintiffs are not pursuing Collective Action status.

**WHEREFORE**, Plaintiffs and Defendants respectfully move for entry of an Order, ordering the following:

(1) Approving the Parties' settlement of the instant disputed claims as fair and reasonable;

(2) Any other relief that this Court deems just and appropriate.

| For the Plaintiff: | For the Defendants: |
|---|---|
| Morgan & Morgan | Cole, Scott & Kissane |
| *Counsel for Plaintiff* | *Counsel for Defendants,* |
| 600 North Pine Island Rd., Suite 400 | 27300 Riverview Center Boulevard, Suite 200 |
| Plantation, FL 33324 | Bonita Springs, Florida 34134 |
| Telephone: 954-318-0268 x7415 | Telephone: 239-6900-7900 |
| Facsimile: 954-327-3013 | Facsimile: 239-738-7778 |
| E-mail: afrisch@forthepeople.com | Email: barbara.woodcock@csklegal.com |
| By: *s/ Andrew R. Frisch* | By: *s/Barbara Ballard Woodcock* |
| ANDREW R. FRISCH, ESQ. | PATRICK BOLAND, ESQ. |
| Florida Bar No: 27777 | Florida Bar No.: 93896 |
| CHANELLE VENTURA, ESQ. | BARBARA BALLARD WOODCOCK, ESQ. |
| Florida Bar No.: 1002876 | Florida Bar No.: 90880 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

*/s/ Barbara Ballard Woodcock*
Barbara Ballard Woodcock